17 So.2d 874

### GARBER v. YEEND.

I Div. 465.

Court of Appeals of Alabama.

March 21, 1944.

Rehearing Denied April 11, 1944.

Jesse F. Hogan, of Mobile, for appellant.

Wm. G. Caffey, of Mobile, for appellee.

BRICKEN, Presiding Judge.

This action sought to recover the sum of $412.50, together with accrued interest, claimed to be due from defendant to plaintiffs by account, as averred in count one of the complaint; and by account stated, as averred in count two, and for work and labor done by plaintiffs for defendant, as averred in count three of said complaint.

The case was tried in the court below without a jury, a jury trial being waived by respective parties.

Judgment was rendered in favor of plaintiffs for the sum of $427.26, besides all court costs, from which this appeal was taken.

It appears from the bill of exceptions that the only testimony introduced upon the trial of the case was that of R. J. Yeend, who testified in behalf of the plaintiff, together with certain letters and telegrams from plaintiffs to the defendant and from the defendant to plaintiffs, introduced along with the oral testimony of the said R. J. Yeend.

It is unnecessary, and will serve no good purpose to discuss the testimony in detail. After a careful and attentive consideration of said testimony, and after due thought has been given to the exhaustive briefs and arguments filed by able counsel for respective parties, it is the opinion and judgment of this court that said testimony reasonably establishes the fact that there was a written agreement (set out in the letters and telegrams introduced in evidence) whereby plaintiffs, as brokers, were authorized by the defendant to find a purchaser for defendant's lot, or parcel of land situated in the City of Mobile, Alabama, who was ready, willing and able to purchase said realty and for the sum of $8,250 cash, as fixed by the defendant; that upon being notified by said brokers that they had found such a purchaser the defendant would then furnish the purchaser with an abstract of title to said realty, showing a good and marketable title in defendant to said realty at that time, said abstract of title to be approved by the buyer's attorney, and that upon such approval the defendant would execute and deliver to the purchaser a deed to said property, conveying it to the purchaser, free from all liens and encumbrances upon the payment to the defendant of said sum of $8,250 and that defendant would pay the plaintiffs, said brokers, five per

cent commission on said sum, for their services in finding said purchaser for said real estate at said purchase price.

We are further of the opinion, and it is our judgment, the plaintiffs found a purchaser for said real estate, who was ready, willing and able to pay defendant the sum of $8,250 cash, the purchase price therefor, upon the above specified conditions and that this sale would have been consummated if the defendant had complied with his part of said agreement. It is further our opinion and judgment that the plaintiffs earned and were entitled to receive from defendant five per cent commissions on said $8,250, the purchase price for said real estate. The defendant had no legal right to deprive plaintiffs of their compensation by capriciously and unreasonably refusing to consummate and close the sale as the testimony in this case shows the defendant did. Handley v. Shaffer, 177 Ala. 636, 59 So. 286.

This court is not impressed with appellant's contention and argument to the effect that plaintiffs were not entitled to recover because they did not prove that they had been duly licensed as real estate agents, as required by Code of Alabama, 1940, Title 46, Sec. 298. We are of the opinion that the want of a license in plaintiff to act and serve as brokers in this case was a defense that should have been pleaded and proven by the defendant. Knight v. Watson, 221 Ala. 69, 127 So. 841.

It is the opinion and judgment of this court that the errors assigned by appellant are without merit, hence not well taken, and that the judgment of the trial court should be affirmed. It is so ordered.

Affirmed.